IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00505-BNB

DAGOBERTO AGUILAR-RAMOS,

Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO DRAW CASE
## TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Applicant, Dagoberto Aguilar-Ramos, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Aguilar-Ramos has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Weld County District Court case number 02CR1418.

In an order filed on March 10, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On March 19, 2010, Respondents filed their Pre-Answer Response. On April 1, 2010, Mr. Aguilar-Ramos filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Aguilar-Ramos liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will draw this case to a district judge and to a magistrate judge.

Mr. Aguilar-Ramos was charged with both sexual assault and kidnapping. Following a jury trial, he was acquitted of sexual assault and convicted of second degree kidnapping. Mr. Aguilar-Ramos was sentenced to twenty-four years in prison, a sentence that was enhanced based on a finding that the kidnapping victim also was a victim of sexual assault. The judgment of conviction was affirmed on direct appeal. *See People v. Aguilar-Ramos*, No. 06CA0183 (Colo. Ct. App. Oct. 4, 2007) (unpublished). On January 14, 2008, the Colorado Supreme Court denied Mr. Aguilar-Ramos' petition for writ of certiorari on direct appeal.

On May 19, 2008, Mr. Aguilar-Ramos filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure that was denied by the trial court on the same day. On October 15, 2009, the Colorado Court of Appeals affirmed the trial court's order denying the Rule 35(c) motion. *See People v. Aguilar-Ramos*, 224 P.3d 402 (Colo. Ct. App. 2009). On February 8, 2010, the Colorado Supreme Court denied Mr. Aguilar-Ramos' petition for writ of certiorari in the Rule 35(c) proceedings.

The instant habeas corpus application was filed in this Court on March 4, 2010.

Mr. Aguilar-Ramos asserts two numbered claims for relief, although the first claim includes two separate constitutional issues. Both parts of the first claim stem from the fact that Mr. Aguilar-Ramos received an enhanced sentence based on a finding that the victim was sexually assaulted even though Mr. Aguilar-Ramos was acquitted of sexual assault. Based on the enhanced sentence, Mr. Aguilar-Ramos claims that he was subjected to double jeopardy and that he was denied a trial by jury as explicated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Mr. Aguilar-Ramos contends in his second claim that there was insufficient evidence to convict him of second degree kidnapping.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d). Respondents also concede that both parts of the first claim for relief are exhausted. However, Respondents contend that the second claim for relief is not exhausted and is procedurally barred because, although Mr. Aguilar-Ramos fairly presented the insufficient evidence claim on direct appeal to the Colorado Court of Appeals, he did not raise the insufficient evidence claim in his petition for writ of certiorari to the Colorado Supreme Court on direct appeal. Mr. Aguilar-Ramos argues that he is not required to present a claim to the Colorado Supreme Court in a petition for writ of certiorari in order to exhaust state remedies because Colorado Appellate Rule 51.1 demonstrates that there is no need to seek such review.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

In order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to

ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. As Respondents concede, Mr. Aguilar-Ramos fairly presented the insufficient evidence claim to the Colorado Court of Appeals on direct appeal and the Colorado Court of Appeals rejected the insufficient evidence claim. Therefore, the Court finds that the insufficient evidence claim is exhausted, and the Court is not persuaded by Respondents's arguments that a petition for writ of certiorari is still necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the

5

exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999).

In summary, Respondents do not raise the affirmative defense of the one-year limitation period, Respondents concede that both parts of Mr. Aguilar-Ramos' first claim are exhausted, and the Court finds that Mr. Aguilar-Ramos' insufficient evidence claim also is exhausted. Therefore, given the completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  8th   day of   April  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00505-BNB

Dagoberto Aguilar-Ramos
Prisoner No. 126672
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/9/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk