IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00505-CMA

DAGOBERTO AGUILAR-RAMOS,

     Applicant,

v.

ANGEL MEDINA, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

_____

ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS
_____

CHRISTINE M. ARGUELLO, District Judge

     This matter is before the Court on Petitioner Dagoberto Aguilar-Ramos's Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. No. 1).[1]

Respondents filed an Answer on April 21, 2010. (Doc. No. 10). Petitioner filed a traverse

on July 27, 2010. (Doc. No. 16). After reviewing the pertinent portions of the record in this

case including the Petition, the Answer, the Traverse, and the state court record, the Court

concludes that the Petition should be denied.

## I.  BACKGROUND

     Following a jury trial in case number 02CR1418 in the Weld County District

Court, Petitioner was convicted of second degree kidnapping. The following factual

summary is taken from the statement of facts in the Petitioner's opening brief on direct

appeal. Pre-Answer Resp., Ex. B at 8-14.

_____

[1] Because the Petitioner appears pro se, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21(1972). However, the Court does not serve as his advocate. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir.1991).

Late in the evening on October 11, 2002, the female victim and her husband were at a bar in Greeley, Colorado.  They went outside to wait for a cab.  A van pulled up and an occupant asked them if they wanted a ride.  Because the victim and her husband saw only one person inside, the victim started to climb in.  A man pulled her inside and pushed her husband away when he tried to follow.  The driver and two other passengers took the victim to a rural area where each man had sexual intercourse with her against her will.  Later, the men dropped her off near her house.  The victim reported the sexual assault to police officers and the Petitioner and two co-defendants were arrested and charged.  One of the co-defendants pleaded guilty to second degree kidnapping before Petitioner's trial and testified as a prosecution witness.

The jury acquitted Petitioner on a charge of sexual assault.  However, the jury found by special interrogatory that the victim had been sexually assaulted during the kidnapping.  The jury's finding elevated the felony classification of Petitioner's kidnapping conviction from a class four to a class two.  The trial court sentenced Petitioner to a prison term of twenty-four years.

Petitioner's conviction was affirmed on direct appeal.  *See People v. Aguilar-Ramos*, No. 06CA0183 (Colo. App. Oct. 4, 2007) (unpublished opinion), Pre-Answer Resp. Ex. E.  The Colorado Supreme Court denied certiorari review on January 14, 2008.  *Id.*, Ex. G.

Petitioner then filed a motion for post conviction relief under Colo. Crim. P. Rule 35(c), which was denied by the trial court.  Pre-Answer Resp., Ex. A, at 17; Ex. O.   The Colorado Court of Appeals affirmed.  *See People v. Aguilar-Ramos*, 224 P.3d 402

(Colo. App. 2009), Pre-Answer Resp. Ex. O.  The Colorado Supreme Court denied

certiorari review on February 8, 2010.  *Id.*, Ex. U.

## II.  FEDERAL COURT PROCEEDINGS

Petitioner asserts two claims in his Petition.  The first claim presents two distinct

constitutional issues stemming from the trial court's imposition of an enhanced sentence

based on the jury's factual finding that the victim was sexually assaulted during the

kidnapping, even though Petitioner was acquitted of sexual assault: (1)(a) the enhanced

sentence violated Petitioner's Sixth Amendment right to trial by jury, as  articulated in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000); and, (b) the enhanced sentence violated

the Fifth Amendment prohibition against double jeopardy.  For his second claim,

Petitioner asserts that there was insufficient evidence to convict him of second degree

kidnapping, in violation of his right to due process.

During the initial review of this action, District Judge Philip A. Brimmer, acting for

Senior Judge Zita Leeson Weinshienk, entered an order drawing the Petition to a

District Judge and to a Magistrate Judge (Doc. No. 7) because Respondents conceded

in their Pre-Answer Response (Doc. No. 5) that the Petition was timely under 28 U.S.C.

§ 2244(d) and that Petitioner had exhausted his state remedies for both parts of his first

claim.  (*See* Doc. 7 at 3).  Judge Brimmer further found that Petitioner had exhausted

state remedies for his second claim.  (*Id.* at 6).  Accordingly, the Court considers the

merits of Petitioner's claims below.

## III. LEGAL STANDARDS

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides

that an application for writ of habeas corpus may be granted only if the adjudication of

the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

If a clearly established rule of federal law is implicated, the Court must determine whether the state court's decision was contrary to or an unreasonable application of that clearly established rule of federal law.  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).

> A state-court decision is contrary to clearly established federal law if: (a) "the state court applies a rule that contradicts the governing law set forth in Supreme Court cases"; or (b) "the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Maynard [v. Boone]*, 468 F.3d [665,] 669 [(10th Cir. 2006)] (internal quotation marks and brackets omitted) (quoting *Williams*, 529 U.S. at 405). "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" *Williams*, 529 U.S. at 405 (citation omitted).

> A state court decision involves an unreasonable application of clearly established federal law when it identifies the correct governing legal rule from Supreme Court cases, but unreasonably applies it to the facts. *Id.* at 407-08.  Additionally, we have recognized that an unreasonable application may occur if the state court either unreasonably extends, or unreasonably refuses to extend, a legal principle from Supreme Court precedent to a new context where it should apply.

*House v. Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

The Court's inquiry pursuant to the "unreasonable application" clause is an objective one.  *See Williams*, 529 U.S. at 409-10.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the

4

relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." *Id.* at 411. "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard*, 468 F.3d at 671. "[O]nly the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254." *Id.*

Claims of factual error are reviewed pursuant to 28 U.S.C. § 2254(d)(2). *See Romano v. Gibson*, 278 F.3d 1145, 1154 n. 4 (10th Cir. 2002). Section 2254(d)(2) allows a court to grant a writ of habeas corpus only if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. Pursuant to § 2254(e)(1), the Court must presume that the state court's factual determinations are correct and the Petitioner bears the burden of rebutting the presumption by clear and convincing evidence.

The Court applies the AEDPA deferential standard of review when a state court adjudicates a federal issue relying solely on a state standard that is at least as favorable to the applicant as the federal standard. *See Harris v. Poppell*, 411 F.3d 1189, 1196 (10th Cir. 2005). The Court likewise owes deference to the state court's result if the court reached the merits of the Petitioner's claim, even if the court did not analyze the claim under federal law. *See Aycox v. Lytle*, 196 F.3d 1174, 1177-78 (10th Cir. 1999); *see also Harrington v. Richter*, 131 S.Ct. 770, 785 (2011) (reconfirming "that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been "adjudicated on the merits.").

## IV.  DISCUSSION

### A.    CLAIM ONE

#### 1.    *Apprendi* violation

Petitioner first claims that the trial court's imposition of a sentence above the statutory presumptive range based on conduct for which he was acquitted violated his Sixth Amendment right to trial by jury, as articulated in *Apprendi*.

Under *Apprendi*, any fact other than a prior conviction that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  *Apprendi*, 530 U.S. at 490.  *Apprendi* applies only when the sentence is enhanced beyond the prescribed "statutory maximum," which the Supreme Court has defined as the maximum sentence a judge may impose "without any additional findings."  *Blakely v. Washington*, 542 U.S. 296, 304 (2000).

The Colorado Court of Appeals resolved Petitioner's claim in the state post conviction proceeding as follows:

> III. *Blakely* and *Apprendi*
>
> Defendant next contends that his constitutional right to have a jury determine the facts used to aggravate his sentence, as discussed in *Blakely* and *Apprendi*, was violated because the jury did not find that he committed the sexual assault which was used to enhance his sentence. We perceive no constitutional violation.
>
> Because the rule announced in *Blakely* and *Apprendi* only applies when an offender receives a sentence outside the presumptive range, and defendant's twenty-four-year sentence was within the presumptive range for the class two felony of which the jury convicted him, *Blakely* and *Apprendi* are not implicated. *See* § 18-1.3-401(1)(a)(V)(A), C.R.S. 2009 (presumptive sentencing range for a class two felony is eight to twenty-four years); [state case law citations omitted].

6

*Aguilar-Ramos*, 224 P.3d at 405.

Under Colorado law, the felony classification of a second degree kidnapping conviction is elevated from a class four to a class two if the person kidnapped "is a victim of a sexual offense." COLO.REV.STAT. ("C.R.S.") §§ 18-3-302(3)(a), 18-3-302(5); *see also People v. Powell*, 716 P.2d 1096, 1105 (Colo. 1986) (sexual assault factor under § 18-3-302(3)(a) is a sentence enhancement factor). The Colorado Court of Appeals has interpreted § 18-3-302(3)(a) to apply without regard to whether the kidnapper was also the perpetrator of the sexual assault. *See Aguilar-Ramos*, 224 P.3d at 404. This Court must defer to the state appellate court's interpretation of the second degree kidnapping statute. *See Missouri v. Hunter*, 459 U.S. 359, 366, 368 (1983) ("We are bound to accept the [State] court's construction of that State's statutes."); *Parker v. Scott*, 394 F.3d 1302, 1319 (10th Cir. 2005). In a special interrogatory, the jury made a factual finding, beyond a reasonable doubt, that the kidnapping victim was sexually assaulted. State Court R., Court File at 577. Petitioner's argument that his twenty-four year sentence violates *Apprendi* fails to recognize that § 18-3-302(3)(a) applies to him if the victim was assaulted by him or one of his co-defendants during the course of the kidnapping. Accordingly, based on a fact proven to the jury beyond a reasonable doubt, Petitioner's conviction was classified as a class two felony under Colorado law. Under § 18-1.3-401(1)(a)(V)(A), C.R.S. 2009, the presumptive sentencing range for a class two felony is eight to twenty-four years. Petitioner's twenty-four year prison sentence is therefore within the statutory maximum for his offense under *Blakely* and the state appellate court's determination of the claim was not contrary to or an unreasonable

application of *Apprendi.*  Accordingly, Petitioner's claim is without merit and he is not entitled to federal habeas relief.

### 2. Double jeopardy violation

Petitioner next claims that the trial court's enhancement of his sentence based on the sexual assault charge for which he was acquitted violates the Fifth Amendment's prohibition against double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense.  *See North Carolina v. Pearce*, 395 U.S. 711, 717 (1969); *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).

The Colorado Court of Appeals addressed Petitioner's claim as presenting both a double jeopardy issue and a collateral issue asserting a facial inconsistency in the verdict acquitting him of sexual assault and the jury's finding that the victim was sexually assaulted:

> Under the double jeopardy clauses of both the United States and Colorado Constitutions, the state may not punish a person twice for the same offense. U.S. Const. amend. V; Colo. Const. art. II, § 18. This protection guarantees that the accused will not be subject to multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct. *People v. Leske*, 957 P.2d 1030, 1035 n. 6 (Colo.1998). . . .
> . . .
> . . . As pertinent here, second degree kidnapping is a class two felony when "[t]he person kidnapped is a victim of a sexual offense." § 18-3-302(3)(a), C.R.S. 2009. A finding that the person kidnapped was a victim of a sexual offense is a sentence enhancer for the kidnapping conviction, not a lesser included offense of the kidnapping count. *See People v. Henderson*, 810 P.2d 1058, 1061-63 (Colo. 1991); *People v. Baker*, 178 P.3d 1225, 1234 (Colo. App. 2007).

We note that the plain language of the statute specifically requires only that the person kidnapped be a victim of sexual assault, not that the kidnapper have perpetrated that crime. *See* § 18-3-302(3)(a). Therefore, we conclude the legislature sought to punish more severely any person who participated in the kidnapping when the person kidnapped was also sexually assaulted during the kidnapping. Thus, contrary to defendant's argument, he is not being punished for the crime of which he was acquitted. Rather, he is being punished for the kidnapping, and such punishment is enhanced because the victim of the kidnapping suffered some additional harm during the kidnapping. *Cf. People v. Renaud*, 942 P.2d 1253, 1256 (Colo. App. 1996) (the purpose of the felony murder statute is to hold a participant in the predicate felony accountable for a nonparticipant's death, even if unintended, as long as the death is caused by an act committed in the course or furtherance of the felony or the immediate flight therefrom).

Moreover, even if the verdicts can be considered inconsistent, we reject defendant's argument that he was punished for an offense of which he was acquitted in violation of double jeopardy principles. *See People v. Frye*, 898 P.2d 559, 569 (Colo. 1995) (subject to an exception not applicable here, inconsistent verdicts of guilt and acquittal do not provide a criminal defendant with a basis for relief).

*Aguilar-Ramos*, 224 P.3d at 403-04.

Under *Missouri*, 459 U.S. at 368, this federal habeas court is bound by the Colorado appellate courts' construction of § 18-3-302(3) as a sentence enhancer, *see Henderson*, 810 P.2d at 1061-63, that applies when the victim of a kidnapping is sexually assaulted by anyone during the kidnapping. *Aguilar-Ramos*, 224 P.3d at 404. Therefore, according to state law, Petitioner was not sentenced twice for the same criminal conduct nor was he imprisoned for a crime of which he was acquitted. Instead, he was sentenced in accordance with the penalty prescribed by the Colorado General Assembly in § 18-3-302(3), C.R.S., which makes second degree kidnapping a class two felony conviction if the victim of the kidnapping was also sexually assaulted. "[T]he Double Jeopardy Clause does no more than prevent the sentencing court from

prescribing greater punishment than the [state] legislature intended." *Missouri*, 459 U.S. at 366. The state appellate court's determination that Petitioner's sentence did not run afoul of the Double Jeopardy Clause was not an unreasonable application of Supreme Court law.

Furthermore, any apparent inconsistency between the jury's verdict acquitting Petitioner of sexual assault and the jury's finding on the special interrogatory that the victim was sexually assaulted does not offend the Constitution. *See Dunn v. United States*, 284 U.S. 390, 394 (1932) (recognizing that inconsistent verdicts "may have been the result of compromise, or of a mistake on the part of the jury . . . [b]ut verdicts cannot be upset by speculation into such matters"); *Harris v. Rivera*, 454 U.S. 339, 344-48 and n.20 (1981) (applying *Dunn* rule to judicial verdicts that are "facially inconsistent" and noting that constitutional inquiry is limited to whether the guilty verdict is supported by sufficient evidence and is the product of a fair trial); *United States v. Powell*, 469 U.S. 57, 64-67 (1984) (reaffirming *Dunn* rule and recognizing that a criminal defendant is afforded protection against jury irrationality or error by an independent review of the sufficiency of the evidence).[2] The state appellate court resolved this issue against Petitioner under *People v. Frye*, 898 P.2d 559 (Colo. 1995). *See Aguilar-Ramos*, 224 P.3d at 404. *Frye* adopted the rule of *Dunn*, as reaffirmed in *Powell*, and held that consistency in the verdicts was not necessary. *Frye*, 898 P.2d at 568-571. The Colorado Court of Appeals reasonably applied the correct federal standard in resolving

---

[2]The only exception to this rule recognized by the Supreme Court to date is a situation where a defendant is convicted of two crimes, where the existence of an element of one of the crimes negates the existence of an element of the other crime, thereby logically excluding a finding of guilty for both crimes. *See Powell*, 469 U.S. at 479 n.8. That situation is not presented in Petitioner's case.

Petitioner's collateral issue regarding an apparent inconsistency between the jury's

verdict and the jury's finding on the sexual assault enhancer.

Petitioner has failed to demonstrate that his twenty-four year sentence subjected

him to double jeopardy or otherwise violates the Constitution so as to entitle him to

federal habeas relief.

**B.    CLAIM TWO**

For his second claim, Petitioner asserts that the evidence was insufficient to

support his conviction for second degree kidnapping, in violation of his right to due

process.

The Petitioner's constitutional challenge to the sufficiency of the evidence is

governed by *Jackson v. Virginia*, 443 U.S. 307 (1979).  Evidence is sufficient to support

a conviction as a matter of due process if, "after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt."  *Jackson*, 443 U.S. at 319

(emphasis in the original).  The Court looks at both direct and circumstantial evidence in

determining the sufficiency of the evidence.  *See Lucero v. Kerby,* 133 F.3d 1299, 1312

(10th Cir. 1998).  The Court "may not weigh conflicting evidence nor consider the

credibility of witnesses," but must "'accept the jury's resolution of the evidence as long

as it is within the bounds of reason.'" *Messer v. Roberts*, 74 F.3d 1009, 1013 (10th Cir.

1996) (quoting *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993)).

A federal habeas court may not reject witness testimony in the context of a

sufficiency of the evidence challenge unless the witness is inherently incredible.  *Tapia*

*v. Tansy*, 926 F.2d 1554, 1564 (10th Cir. 1991) (internal citation omitted).  Testimony is incredible only if it is "unbelievable on its face, i.e., testimony as to facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature."  *Id.*  (internal citations omitted); *see also United States v. Oliver*, 278 F.3d 1035, 1043 (10th Cir. 2001) (citing *Tapia*).

The Colorado Court of Appeals resolved Petitioner's challenge to the sufficiency of the evidence as follows:

> Defendant contends that the trial court erred when it denied his motion to overturn the verdict for insufficient evidence for conviction.  We disagree.
>
> When reviewing the sufficiency of the evidence at trial, an appellate court must determine "whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of the accused's guilt beyond a reasonable doubt."  *People v. Sprouse*, 983 P.2d 771, 777 (Colo. 1999).  The credibility of witnesses is within the sole discretion of the jury.
>
> Here, the jury heard statements from a co-defendant indicating that defendant was one of the men who sexually assaulted the victim.  The jury also heard testimony from the victim herself.
>
> We conclude that there was sufficient evidence at trial for a reasonable juror to find defendant guilty beyond a reasonable doubt.

Pre-Answer Resp. Ex. E at 6-7.

The state appellate court resolved the Petitioner's claim by applying a state law standard that is substantially the same as the *Jackson* standard.  Accordingly, habeas relief is not warranted unless the state court's application of the *Jackson* standard was objectively unreasonable.  *See Harris*, 411 F.3d at 1196.

Under Colorado law, a person commits second degree kidnapping if he "knowingly seizes and carries any person from one place to another, without [her]

consent and without lawful justification." § 18-3-302(1), C.R.S.  The jury was instructed

that Petitioner could be found guilty under a complicity theory of liability.  State Court R.,

Court File, Instruction No.12, at 562.  A defendant is guilty of an offense as a complicitor

if a crime has been committed, the defendant had knowledge that the other person

intended to commit (all or part of) the crime, and the defendant intentionally aided,

abetted, advised, or encouraged the other person in the commission or planning of the

crime.  *See People v. Wheeler*, 772 P.2d 101 (Colo. 1989); CO-JICRIM 6:04.

The Petitioner offers the following facts that, he thinks, demonstrate the absence

of sufficient evidence to support the jury's finding that he committed the offense of

second degree kidnapping: (1) he did not know that his co-defendants intended to

kidnap and sexually assault the victim; (2) he is only five feet tall and was unable to

intervene in the kidnapping and sexual assault committed by his co-defendants;

(3) there was no physical or other direct evidence of his involvement in the crimes;

(4) there was no physical evidence to corroborate the victim's story that she was

sexually assaulted; and, (5) the only evidence that Petitioner was present in the van

when the crimes occurred was the self-serving statements of his co-defendant who

testified in exchange for a plea agreement.  Petition at 6; Traverse at 4.

The Court is convinced, however, that the state appellate court's application of

the *Jackson* standard was not unreasonable and was supported by the evidence

presented at trial.  The victim's testimony can be summarized as follows: On the night of

the kidnapping, Petitioner and the two co-defendants were involved in a physical

altercation with the victim's husband outside the bar after the Petitioner offered her a

ride home.  The three men then left the bar and sometime later the victim and her

13

husband went out to the parking lot to wait for a cab.  A van pulled up and someone inside offered them a ride.  Because the victim's husband saw only one person in the van, they accepted.  However, as the victim was climbing into the van, a man pulled her inside and shoved her husband out the door while the van started to drive away.  At that point, the victim realized there were three men inside the van and recognized them from the earlier altercation with her husband.  She saw Petitioner sitting "slouched over" in the front passenger seat.  The victim testified that the men drove her to a location outside of town, that all three men had sexual intercourse with her twice against her will, and that Petitioner then drove the van back into town and dropped her off a few blocks away from her home. State Court R., January 25, 2005 Trial Tr. at 57-85.

The co-defendant, who pleaded guilty to second degree kidnapping before Petitioner's trial, testified as a hostile witness for the prosecution and identified Petitioner as one of the passengers in the van.  State Court R., January 25, 2005 Trial Tr. at 162.  Although the co-defendant also testified that the victim consented to have sexual intercourse with him for money,  *id.* at 168-172, that testimony was impeached with his prior inconsistent statement to a police sergeant three days after his arrest.  *Id.* The co-defendant's prior statement, which was admitted for its truth,[3] corroborated the victim's account that all three men had sexual intercourse with her against her will

---

[3]Under C.R.S. § 16-10-201 (2002), a witness's prior inconsistent statement is admissible to impeach the witness's trial testimony and to establish a fact to which the witness's testimony and the inconsistent statement relate, so long as: the witness is given an opportunity to explain or deny the statement and is available to give further testimony in the trial; and, the prior statement relates to a matter within the personal knowledge of the witness. *See Montoya v. People*, 740 P.2d 992 (Colo. 1987) (construing statute).

during the course of the kidnapping. State Court R., January 26, 2005 Trial Tr. at 128-29.

Petitioner asks the Court to ignore the testimony of the victim as incredible. However, the victim's testimony was not unbelievable on its face or contradicted by any physical evidence and the jury therefore could reasonably rely on it to determine Petitioner's guilt. *See Tapia*, 926 F.2d at 1564; *see also Jones v. McKune*, 214 F. App'x 784, 787 (10th Cir. 2007) (rejecting habeas petitioner's challenge to sufficiency of evidence to support rape conviction where victim's testimony was not inherently incredible or contradicted by objective evidence such that it could not support a finding of each essential element beyond a reasonable doubt).  Furthermore, "[t]he Constitution does not prohibit convictions based [   ] on accomplice testimony." *Foster v. Ward*, 182 F.3d 1177, 1193 (10th Cir. 1999).  It was for the jury to weigh any inconsistencies in the witnesses' statements and determine what weight to give them.

The state appellate court's factual findings in support of its determination that the evidence was sufficient to support Petitioner's conviction are presumed correct under 28 U.S.C. § 2254(e)(1) and are supported by the state court record.  Petitioner's bald assertions that he was an innocent victim of his co-defendant's crimes do not constitute clear and convincing evidence to the contrary.  Indeed, although Petitioner contends that he felt intimidated by his co-defendants and was unable to intervene because of his diminutive height, evidence at trial established that one of the co-defendants was also just over five feet tall.  State Court R. January 26, 2005 Trial Tr. at 195-96.  Viewing the evidence in the light most favorable to the prosecution, there was enough evidence presented on the essential elements of second degree kidnapping that the state

15

appellate court reasonably decided that a rational jury could find the Petitioner guilty beyond a reasonable doubt.  Petitioner is not entitled to federal habeas relief for his second claim.

### III. CONCLUSION

Accordingly, it is ORDERED that Petitioner Dagoberto Aguilar-Ramos's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. No. 1) is DENIED and the civil action is dismissed WITH PREJUDICE.  It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.  It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner Dagoberto Aguilar-Ramos has not made a substantial showing of the denial of a constitutional right, pursuant to 28 U.S.C. § 2253(c).

DATED:  March __14__, 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
District Judge